IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LIBERTY INSURANCE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-098-A |
| | § | |
| ARCH INSURANCE COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION & ORDER

Came on for consideration the motion by plaintiff, Liberty Insurance Corporation, to dismiss the counterclaim for declaratory judgment by defendant Arch Insurance Company ("Arch"). Doc.[1] 26. Having considered the motion and brief in support, the response by Arch, the reply, the record, and the applicable legal authorities, the court finds that the motion should be granted.

I.

Factual Background

In 2011, Arch issued a Business Auto Insurance Policy to L.O. Transport. Doc. 19 at 2 ¶ 9. In 2012, L.O. Transport entered into a contract with M.A. Mortenson Companies, Inc. ("Mortenson"), to act as a subcontractor for a construction project. Doc. 14 ¶ 20. Plaintiff alleges that the contract

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

required L.O. Transport to indemnify and provide a defense to Mortenson for any claims alleging damages "arising out of or resulting from" L.O. Transport's work. Id. ¶ 21.

In 2014, Mortenson was sued by a truck driver who was allegedly forced off the road by L.O. Transport employees who were driving trucks within the scope of their employment ("the underlying lawsuit"). Id. ¶¶ 14-18. Mortenson's counsel tendered defense and indemnity to L.O. Transport but did not receive a response. Id. ¶ 27. Mortenson's counsel tendered defense and indemnity to Arch, and Arch formally denied its duty to defend and indemnify Mortenson. Id. ¶ 28. In August 2019, the underlying lawsuit resulted in a final entry of judgment in excess of $6 million. Id. ¶ 19. Plaintiff is Mortenson's insurer and alleged subrogee. Id. ¶¶ 8, 37.

II.

Procedural History

On March 24, 2020, plaintiff filed its second amended complaint against Arch and TIG Insurance Company ("TIG"), another of L.O. Transport's insurers.[2] Doc. 14. In particular, plaintiff seeks declaratory judgment (I) "that Plaintiff[3] was

---

[2] The second amended complaint named two other defendants, but both have been voluntarily dismissed. See Doc. 24; Doc. 29.
[3] The court interprets this statement to request a declaration that Mortenson, plaintiff's insured, was entitled to defense and indemnity from Arch and/or TIG against the claims alleged in the

2

entitled to defense and indemnity from either/both Arch and/or TIG against the claims alleged in the Underlying Lawsuit," and (II) "that Mortenson was entitled to defense and indemnity from L.O. Transport as contractual indemnitee under the contract between Mortenson and L.O. Transport, and that plaintiff is subrogated to that right that is enforceable against L.O. Transport's carriers." Doc. 14 ¶¶ 36-37. Plaintiff seeks reimbursement of costs incurred from defending and indemnifying Mortenson in the underlying lawsuit. Id. ¶ 6. On April 2, 2020, Arch filed its answer to such complaint and asserted a counterclaim against plaintiff for declaratory judgment.⁴ Doc. 19. Arch seeks a declaration "that Arch had no duty to defend or indemnify Mortenson in the claims alleged in the Underlying Suit." Id. at 12 ¶ 16.

On April 23, 2020, plaintiff filed its motion to dismiss Arch's counterclaim for declaratory judgment. Doc. 26. On May 14, 2020, Arch filed its response, Doc. 33, and on May 27, 2020, plaintiff filed its reply, Doc. 37.

---

underlying lawsuit. See Doc. 14 ¶ 41. Although plaintiff incurred costs in defending and indemnifying Mortenson in the underlying lawsuit, id., the second amended complaint does not indicate that plaintiff itself was a defendant in the underlying suit.

⁴ Arch's request for declaratory relief included a third-party claim against Mortenson. Doc. 19 ¶¶ 13-17. On June 2, 2020, Arch voluntarily dismissed such third-party claim, Doc. 40, and on June 4, 2020, the court entered final judgment as to the third-party claim. Doc. 41.

III.

## Grounds of the Motion

Plaintiff argues that Arch's counterclaim for declaratory judgment should be dismissed for failure to state a claim because it is duplicative and does not serve a purpose. Doc. 27 at 7.

IV.

## Applicable Legal Principles

A.  Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a pleading need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the pleader to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the pleading as true, it need not credit bare legal conclusions that are unsupported

4

by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss, the facts pleaded must allow the court to infer that the pleader's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000).

B.  Declaratory Judgment

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Act "is an enabling act, which confers discretion on the courts rather than an absolute right upon a litigant." Wilton v. Seven

5

Falls Co., 515 U.S. 277, 287 (1995). Federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." Id. at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 288.

The Act is procedural and does not create new substantive rights. Medtronic, Inc. v. Mirowski Family Ventures, LLC, 571 U.S. 191, 199 (2014). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." Wilton, 515 U.S. at 288. The Act "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action." Mercantile Nat. Bank at Dallas v. Bradford Tr. Co., 850 F.2d 215, 218 (5th Cir. 1988).

V.

Analysis

Plaintiff argues that Arch's counterclaim for declaratory judgment should be dismissed because it is duplicative of

6

plaintiff's claim for declaratory judgment and therefore serves no useful purpose. Doc. 27 at 7. The court agrees.

The court must follow a three-step inquiry when considering whether to dismiss a declaratory judgment action. "First, the court may determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an 'actual controversy' exists between the parties to the action." Orix Credit All., Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000). "Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented." Id. "Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." Id.

Here, the parties agree as to the first two prongs, and rightfully so. Doc. 27 at 7; Doc. 33 at 3. First, an actual controversy exists between the parties, namely whether defendant had a duty to defend and indemnify Mortenson in the underlying lawsuit. Second, the court has the authority to grant declaratory relief in this case. The dispute centers on the third prong, whether the court should use its discretion to dismiss the counterclaim for declaratory judgment.

District courts generally dismiss claims for declaratory judgment that are duplicative and add nothing to the action.

7

See, e.g., Klein v. Fed. Ins. Co., No. 7:03-CV-102-D, 7:09-CV-094-D, 2014 WL 4476556, at *9 (N.D. Tex. Sept. 11, 2014); Stout v. Gremillion, No. 1:18-CV-654-LY-SH, 2019 WL 4261122, at *5 (W.D. Tex. Sept. 6, 2019); Bowman v. Bella Estancias, LLC, No. 3:17-CV-0091-KC, 2018 WL 1115202, at *3 (W.D. Tex. Feb. 15, 2018). "A counterclaim for declaratory judgment is duplicative where the declaration would address the merit of the plaintiff's claim." Stout, 2019 WL 4261122, at *5. Here, Arch's counterclaim is duplicative because it is essentially the mirror-image of plaintiff's claim. While plaintiff asks the court to declare that Arch owed a duty to Mortenson, and therefore, to plaintiff, Arch asks the court to declare that Arch did not owe such a duty. Compare Doc. 14 ¶ 36 with Doc. 19 at 12 ¶ 16.

Further, courts have dismissed counterclaims for declaratory judgment that merely present defenses to the plaintiff's claims. See, e.g., Klein, 2014 WL 4476556, at *9; Albritton Props. V. Am. Empire Surplus Lines, No. 3:04-CV-2531-P, 2005 WL 975423, at *2-3 (N.D. Tex. April 25, 2005); see also Madry v. Fina Oil & Chem. Co., No. 94-10509, 1994 WL 733494, at *2 (5th Cir. 1994). Here, Arch raises as a defense that it did not "owe any legal duty to Mortenson." Doc. 19 at 9 ¶ 6. The counterclaim merely asks the court to declare that this defense

8

is meritorious. In fact, the counterclaim comes close to a verbatim recitation of a paragraph in the "Additional Responses and Defenses" section of Arch's answer. Compare Doc. 19 at 12 ¶ 16 (seeking a declaratory judgment "that Arch had no duty to defend or indemnify Mortenson in the claims alleged in the Underlying Suit.") with id. at 7 ¶ 1 ("Arch had no duty to defend Mortenson against the claims asserted in the Underlying Lawsuit").

Because Arch's counterclaim mirrors plaintiff's claim and restates Arch's defenses, the court uses its discretion to dismiss the counterclaim.

## VI.

### Order

Therefore,

The court ORDERS that plaintiff's motion to dismiss be, and is hereby, granted, and that Arch's counterclaim be, and is hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

SIGNED June 8, 2020.

JOHN McBRYDE
United States District Judge